Benjamin Brenner, J.
Motion by plaintiff for summary judgment in a negligence action in which it is claimed that the doctrine of res ipsa loquitur is applicable. She was injured while a passenger in defendant’s parked automobile, attempting to leave the vehicle by the rear door when it suddenly shot forward and struck a wall.
The parties are related and no affidavit has been submitted by the defendant or by anyone, other than plaintiff, having direct knowledge of the facts. Defendant has, however, been examined before trial and in such examination there are variances from the facts recited by the plaintiff as to the events which occurred. He testified that, when he got out of the car, his brother, capable of driving it, remained in the front seat; that the car had a hydramatic shift; that he does not remember whether the ignition was turned off but that the car was out of gear and in 1 ‘ park ’ ’ position; that the brakes were pulled on and that the next thing that happened was that the car pulled away and went right through the building.
Despite plaintiff’s contention that the doctrine of res ipsa loquitur applies, some doubt does exist that the vehicle continued to remain under the control of the defendant. True, upon trial, *408 it gray be established that such continued control did remain with defendant, and an inference of negligence may then be drawn therefrom. Even if it is assumed that the defendant retained control of this vehicle at all times and that thus such inference of negligence may now be drawn, it does not follow that the plaintiff is entitled to judgment because where, as here, the defendant offers an explanation, the plaintiff must thereupon establish lack of reasonable care. In the case at bar, the explanation given by defendant about his conduct, while incomprehensible in view of the movement of the car, requires considerable probing which could best be had upon trial.
It should also be observed that the facts here are quite dissimilar to those found in the res ipsa case of Richard Equip. Corp. v. Manhattan Ind. Contr. Co. (9 A D 2d 691) wherein, unlike here, plaintiff established continuous control by the defendant as well as its complete failure to offer any explanation at all.
The motion for summary judgment is therefore denied. Settle order on notice.